IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 12-50-M-DLC |
| Plaintiff/Respondent, | |
| vs. | ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |
| CURTIS KEITH TICHENOR, | |
| Defendant/Movant. | |

This case comes before the Court on Defendant/Movant Curtis Keith Tichenor's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Tichenor is a federal prisoner proceeding pro se.

On October 20, 2016, the Court found it was in the interests of justice to appoint new counsel to represent Tichenor on his § 2255 motion. Counsel was required to investigate to determine whether good-faith allegations of fact could be made to support any claims for relief. She was also required to file an amended motion setting forth all claims Tichenor intended to pursue. *See* Orders (Docs. 119, 122).

On June 15, 2017, counsel notified the Court that she had completed her investigation and was not able to allege in good faith facts in support of relief. On June 23, 2017, she was required to serve a record or summary of her interviews

1

with a fact witness and with trial counsel on Tichenor so that he could respond if he wished. She did so. Tichenor responded on August 7, 2017. *See* Notice (Doc. 125); Order (Doc. 126); Notice (Doc. 127) (under seal); Resp. to Order (Doc. 128).

## I. Preliminary Review

The motion is subject to preliminary review before the United States is required to respond. The Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) (*"Nicolas"*) (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). But "it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

On December 12, 2012, Tichenor was indicted on one count of robbery affecting interstate commerce, a violation of the Hobbs Act, 18 U.S.C. § 1951(a)

2

(Count 1); one count of brandishing a firearm during and in relation to a crime of violence, a violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 2); one count of being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1) (Count 3); one count of possessing a detectable amount of methamphetamine with intent to distribute it, a violation of 21 U.S.C. § 841(a)(1) (Count 4); and one count of possessing a firearm in furtherance of a drug trafficking crime, a violation of 18 U.S.C. § 924(c)(1)(A) (Count 5).

Counts 1 and 2 were based on a robbery at the Silver Dollar Bar in Missoula on July 14, 2012. Count 3 was based on the same firearm allegedly brandished in that robbery. But the offense in Count 3 was alleged to have continued from January 2012 to July 23, 2012, and to have occurred in both Missoula and Helena. Indictment (Doc. 1) at 3-5.

Counts 4 and 5 were based an incident resulting in Tichenor's arrest on July 23, 2012, in Helena. *See* Indictment at 5.

On Tichenor's motion, Counts 1, 2, and 3 were severed from Counts 4 and 5. Separate trials were scheduled on each set of counts. *See* Order (Doc. 27).

On May 2, 2013, a jury found Tichenor guilty on Counts 1, 2, and 3 and specifically found that he brandished the firearm, as alleged in Count 2, and that he possessed a gun on both July 14, 2012, and July 23, 2012. Verdict (Doc. 71) at 1-2. After trial, Counts 4 and 5 of the Indictment were dismissed without prejudice.

3

Order (Doc. 76).

Tichenor moved for a mistrial and for a judgment of acquittal under Fed. R. Crim. P. 29. Both motions were denied on July 9, 2013. Order (Doc. 91).

On August 9, 2013, Tichenor was sentenced to serve 162 months on Count 1, 84 months on Count 2, and 120 months on Count 3.[1] Counts 1 and 3 were ordered to run concurrently, but the sentence on Count 2 had to be consecutive to any other sentence. *See* 18 U.S.C. § 924(c)(1)(D)(ii). The entire federal sentence was also imposed to run consecutive to two sentences imposed in state court. As a result, Tichenor will serve a total of 246 months in federal custody, to be followed by a total of five years' supervised release. *See* Minutes (Doc. 98); Judgment (Doc. 99) at 2-3.

Tichenor appealed. On February 10, 2015, his convictions were affirmed. *See* Mem. (Doc. 113) at 1-4, *United States v. Tichenor*, No. 13-30227 (9th Cir. Feb. 10. 2015). The appellate court's docket shows that a timely petition for rehearing was denied on April 21, 2015. *See* Appellate Docket No. 13-30227. Tichenor's conviction became final ninety days later, on July 20, 2015. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653-54 (2013).

Tichenor timely filed his § 2255 motion on or before May 31, 2016. 28 U.S.C. § 2255(f)(1).

---

[1] The presentence report applied a career offender enhancement, *see* Presentence Report ¶ 24, but the Court did not apply it, *see* Statement of Reasons (Doc. 100) at 1 ¶ I.B.

4

## III. Claims and Analysis

When habeas counsel was appointed, the Court anticipated an amended § 2255 motion would supersede the original § 2255 motion. Because habeas counsel declined to file an amended motion, the original motion will be addressed. Tichenor's claims are reorganized here, but all are addressed.

Tichenor claims that trial counsel was ineffective because he failed to investigate and present an alibi defense and because he did not object to the prosecution's "coaching" of a witness. He also alleges that counsel failed to consult with him and cumulative error.

These claims are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). Denial of Tichenor's claims is appropriate if the facts he alleges fail to support an inference (1) that counsel's performance fell outside the wide range of reasonable professional assistance, *id.* at 687-88, or (2) that there is a reasonable probability the result of the proceeding would have been different but for counsel's performance, *id.* at 694.

**A. Alibi Defense** (Mem. (Doc. 116) at 6-14, 18-19, 20-22)

Tichenor claims that counsel was aware of and yet failed to develop alibi evidence. He asserts that he was wearing an ankle bracelet at his home in Helena at the time of the robbery and that Kelly Reisbeck of Sky Bail Bonds was monitoring his whereabouts. He also points to an affidavit filed by Sue Prout, who

5

lived at the Helena apartment with Tichenor. Prout states that Tichenor was present, but elsewhere in the building, on an occasion when Reisbeck came to the building to pick up the monitoring unit. *See* Prout Aff. (Doc. 116-2) at 2-3.[2]

Because an alibi proving Tichenor could not have traveled to Kalispell, Missoula, or Spokane would have been a compelling defense, counsel was appointed to file an amended motion. Counsel, however, asserts that she does not have "a good-faith basis for the allegations of fact" as to the alibi defense. *See* Notice (Doc. 125) at 2.

Tichenor objects to habeas counsel's expression of Reisbeck's "opinion that Mr. Tichenor had removed his GPS tracking device and had a friend carry it from Point A to Point B or otherwise keep it in a stable place." *See* Interview Summary (Doc. 127) at 2; Resp. to Order (Doc. 128) at 1. Tichenor contends there is no proof that he "tampered [with] and removed the GPS device." Resp. to Order at 1.

Reisbeck's opinion of what Tichenor did would not have been admissible at trial.[3] Further, Tichenor is correct that no one has proved he removed the GPS device. But those are not the points at issue. The question is whether Tichenor has a realistic prospect of developing evidence to show that trial counsel's performance

---

[2] Prout testified at trial to some of the same statements in her affidavit, including her testimony that she regularly saw Tichenor at her apartment building throughout July 2012. *See* 3 Trial Tr. (Doc. 111) at 481:11-482:6. Her affidavit is not properly authenticated, but the Court assumes it is what it purports to be.

[3] Nonetheless, it was reasonable for habeas counsel to describe Reisbeck's opinion. It is the kind of thing that is likely to affect a witness's demeanor before a jury.

6

was unreasonable and that Tichenor's defense was prejudiced as a result.

Whether Tichenor removed his ankle bracelet or not, ankle bracelets can be removed. Therefore, it would not help Tichenor to introduce evidence showing that an ankle bracelet assigned to him remained in Helena at the time the Silver Dollar Bar in Missoula was robbed. What would help Tichenor is evidence showing that Reisbeck personally saw or otherwise knew Tichenor to be in Helena at the pertinent time. *See, e.g.*, Tichenor Aff. (Doc. 116-1) at 2 ¶ 8. Tichenor's brief, his and Prout's affidavits, habeas counsel's interview summary, and Tichenor's response to it all demonstrate that there is no corroborating evidence to that effect. None of the alleged facts before the Court support an inference that Tichenor was prejudiced by counsel's failure to call Reisbeck as an alibi witness.

In addition, habeas counsel's notes of her interview with trial counsel show that he believed it would be counterproductive to call Reisbeck. Tichenor does not take issue with that statement. In fact, Tichenor says Reisbeck "doesn't like me." Resp. to Order (Doc. 128) at 1. Therefore, there is no reason to believe trial counsel's assessment was unreasonable.

Neither prong of the *Strickland* test is met. This claim is denied.

**B. "Coaching" a Witness** (Mem. at 15-18, 19-20)

Tichenor asserts that counsel took the wrong approach to the prosecution's pretrial interview of a witness.

7

On the morning of trial, Tichenor's counsel pointed out that he had not been told that witness Matthew Tschider positively identified the clothes and mask worn by the robber as well as the gun he carried. At trial, with both the jury and the Court, defense counsel explored this matter thoroughly. *See generally* 1 Trial Tr. (Doc. 109) at 16:8-18:24 (final pretrial conference), 68:8-70:7 (defense opening statement), 73:6-92:5 (direct examination), 92:18-122:18 and 127:20-139:5 (cross-examination), 139:11-143:15 (redirect); 2 Trial Tr. (Doc. 110) at 401:3-403:1 and 408:14-409:15 (Rule 29 motion).

After trial, counsel moved for a mistrial based on the United States' failure to disclose Tschider's identifications before trial. The motion was denied because defense counsel is not entitled to be included in the prosecution's trial preparation and because the defense had full opportunity for cross-examination at trial. *See* Mot. and Br. (Docs. 86, 87); Reply (Doc. 89); Order Denying Mot. for Mistrial (Doc. 91).

Tichenor asserts that, instead of moving for a mistrial, counsel should have objected that the witness was improperly influenced. But that is not a legal basis for objecting to admission of a witness's testimony. It is up to the jury to decide whether to believe what a witness says. Trial counsel's extensive cross-examination brought out for the jury the possibility that Tschider's memory was influenced by photographs and items shown to him after the robbery and by police

8

officers' interviews of him. *See* 1 Trial Tr. at 92:18-122:18, 127:20-139:5. Trial counsel also argued the point in closing. *See* 3 Trial Tr. (Doc. 111) at 542:5-545:1 (closing argument). Counsel's way of handling the issue with cross-examination and closing argument was the correct way of handling the issue. *See* Order Denying Mot. for Mistrial at 5-6.

The fact that Tichenor was convicted does not make counsel's performance unreasonable or unfairly prejudicial to Tichenor. Neither prong of the *Strickland* test is met. This claim is denied.

### C. Failure to Consult (Mem. at 22-24)

Tichenor claims that counsel met with him twice before trial for a total of about an hour. He also contends that the defense investigator spoke to him "as if my pleas of innocence of the robbery were unbelievable and untrue." Tichenor Aff. (Doc. 116-1) at 4 ¶¶ 10-11. These allegations do not support an inference that counsel's performance was unreasonable or that Tichenor was prejudiced as a result. Neither prong of the *Strickland* test is met. This claim is denied.

### D. Cumulative Error (Mem. at 24-25)

Tichenor has not identified any respect in which counsel's performance was unreasonable. There is no legal basis for considering whether he suffered cumulative prejudice sufficient to warrant relief. *See, e.g., United States v. Gonzalez-Lopez*, 548 U.S. 140, 150 (2006).

9

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Tichenor's claims do not meet the low threshold required for a COA. Counsel was appointed to file an amended motion, provided she could make good-faith allegations of fact in support of relief. She was unable to allege appropriate facts. Tichenor claims he could not have committed a robbery in Missoula when he was wearing an ankle bracelet for a state probation officer in Helena who was monitoring his location, but no one alleges that the officer actually saw Tichenor in Helena at the pertinent time. Tichenor's claim that counsel did not object on the proper basis to a witness's testimony is misguided. Courts do not measure the truth or the believability of a witness's testimony before it is admitted. The jury hears it and decides whether to believe it. Tichenor's counsel fully cross-examined

the witness about his memory and perception, and that was the proper way of dealing with anything that influenced him. Tichenor's claims of inadequate consultation and cumulative error by counsel are unsupported.

None of the claims meets either prong of the *Strickland* test. Reasonable jurists would not find otherwise. A certificate of appealability is not warranted.

Accordingly, IT IS HEREBY ORDERED:

1. Tichenor's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 115) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Tichenor files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 16-70-M-DLC are terminated and shall close the civil file by entering judgment in favor of the United States and against Tichenor.

DATED this 14th day of August, 2017.

Dana L. Christensen, Chief Judge
United States District Court