IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CURTIS KEITH TICHENOR,<br><br>Defendant. | CR 12–50–M–DLC<br><br><br><br>ORDER |

On July 31, 2023, Defendant Curtis Keith Tichenor filed a motion to reduce his 246-month federal sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. 133.) His projected release date is May 5, 2032. *See* Inmate Locator, http://www.bop.gov/inmateloc (accessed December 28, 2023). On August 2, 2023, counsel was appointed to represent Tichenor. (Doc. 134.) Appointed counsel filed an amended motion on November 16, 2023. (Doc. 139.) The government opposes the motion. (Doc. 143.)

## ANALYSIS

The First Step Act gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the Bureau of Prisons and the reduction: (1) takes into consideration the sentencing factors set forth in 18 U.S.C. § 3553(a); (2) is warranted by "extraordinary and compelling

1

reasons," or the defendant is at least 70 years old and has served at least 30 years in prison; and (3) is consistent with the applicable policy statements of the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam). The Sentencing Commission's relevant policy statement adds that the Court may not reduce a term of imprisonment unless "the defendant is not a danger to the safety of any other person or to the community." U.S. Sent'g Guidelines Manual § 1B1.13(a)(2) (U.S. Sent'g Comm'n 2023).[1]

Tichenor argues that a reduction in his sentence is warranted because he "has been incarcerated under unusually punitive circumstance due to his chronic health concerns and complications of the [C]ovid-19 pandemic." (Doc. 139 at 1–2.) For the reasons discussed below, the Court denies the motion for compassionate release.

## I. Exhaustion of Administrative Remedies

A defendant may only file a motion for compassionate release with the district court once he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the

---

[1] The United States Sentencing Commission recently revised § 1B1.13 of the Sentencing Guidelines Manual, in part, moving the Commission's policy statements that were previously in commentary notes into the actual Guidelines text. *See* 2023 Amendments to the Sentencing Guidelines, Policy Statements, and Official Commentary, First Step Act—Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (effective Nov. 1, 2023) (available at https://www.ussc. gov/guidelines/amendments/adopted-amendments-effective-november-1-2023).

lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Tichenor asked the warden of FCI Englewood to file a motion for compassionate release on his behalf on June 12, 2022. (Doc. 142-3.) On July 14, 2022, the warden denied the request. (Doc. 142-4.) Thus, it would appear that Tichenor has exhausted his administrative remedies.

## II.     Extraordinary and Compelling Reasons

The Sentencing Commission provides explicit examples of what constitutes an "extraordinary and compelling reason," including where a defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S. Sent'g Guidelines Manual § 1B1.13(b)(1)(B) (U.S. Sent'g Comm'n 2023). Extraordinary and compelling circumstances also exist where:

> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
> (iii) such risk cannot be adequately mitigated in a timely manner.

*Id.* § 1B1.13(b)(1)(D). A defendant may also demonstrate extraordinary and

compelling circumstances where "[t]he defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." *Id.* § 1B1.13(b)(2).

The defendant may also "presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the" examples provided by the Sentencing Commission, "are similar in gravity to" the examples provided. *Id.* § 1B1.13(b)(5). However, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." *Id.* § 1B1.13(d).

Tichenor argues that his age, diabetes, hypertension, and high cholesterol place him at a higher risk of the negative effects of Covid-19. (Doc. 139 at 10.) Tichenor also argues that the particular conditions he is housed in at FCI Sheridan prevent him from adequately protecting against Covid-19. (*Id.* at 12.) Tichenor cites to an investigation conducted in 2022 that concluded inmates at FCI Sheridan did not have "adequate access to care" and that inmates with chronic medical conditions were routinely denied care. (Doc. 142-4.) Tichenor claims that he was denied consistent access to daily medication for his heart and insulin. (Doc. 139 at 13.) The United States contends that Tichenor has not demonstrated extraordinary and compelling circumstances. (*See* Doc. 143.)

First, because Tichenor is less than 65 years old, he does not qualify under §

1B1.13(b)(2).  Second, Tichenor has not demonstrated that the conditions he encountered during the height of the Covid-19 pandemic in 2020-2022 resulted in a decline in his overall health.  Tichenor reported that he was "doing fine" and was compliant with all medications during a medical appointment in May 2021.  (Doc. 140-2 at 1.)  Tichenor was vaccinated for Covid-19 in March 2021 and refused a second dose of the vaccine in November 2022.  (*Id.* at 78, 79, 533.)  Additionally, while inmates at FCI Sheridan may have been denied insulin during the height of the pandemic, the records before the Court indicate that Tichenor does not require insulin to treat his diabetes.  (*Id.* at 198.)  There is no indication in the record that Tichenor has not been receiving medication; however, Tichenor did report in February 2022 that he failed to take his medications as prescribed.  (*Id.* at 284.)  Medical records from June 2023 indicate that Tichenor was not experiencing pain and that he had "[n]o complaints."  (*Id.* at 431.)  The Court also notes that concerns related to Covid-19 have largely subsided.

Accordingly, the Court finds that Tichenor has failed to demonstrate extraordinary and compelling circumstances.

### III.   Section 3553(a) Factors

Although the Court concludes that Tichenor has not demonstrated extraordinary and compelling circumstances, the Court will also address the federal sentencing objectives set forth in 18 U.S.C. § 3553(a).  These include the "nature

and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care.  18 U.S.C. § 3553(a)(1), (2).  Courts may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants.  *Id.* § 3553(a)(4), (6).

On July 14, 2012, Tichenor robbed the Silver Dollar Bar in Missoula, Montana.  (Doc. 101 ¶ 8.)  During the robbery he pointed a gun at the bartender.  (*Id.*)  Tichenor then drove to Spokane with his girlfriend where he spent proceeds from the robbery on heroin and meth and forced his girlfriend to engage in prostitution to obtain more money.  (*Id.* ¶ 11.)  When one "John" attempted to drive away with Tichenor's girlfriend, Tichenor assaulted him with the same gun he had used during the robbery.  (*Id.*)  On July 23, 2012, Tichenor was arrested at the Howard Johnson Hotel in Helena, Montana.  (*Id.* ¶ 9.)  When confronted by law enforcement, Tichenor initially raised his hands but then lowered them and turned around as if preparing to run away.  (*Id.*)  The officers closed in and Tichenor complied with commands to lie on the ground.  (*Id.*)  During a subsequent search of his person, officers seized a loaded 9mm handgun—identified

by Tichenor's girlfriend and the bartender as the gun used in the robbery of the Silver Dollar Bar on July 12—and about four grams of meth. (*Id.*) The officers also seized loaded syringes, a meth pipe, a scale, spoons with drug residue, and a small package of methadone from Tichenor's hotel room. (*Id.*)

On August 9, 2013, this Court sentenced Tichenor to 246 months custody to be followed by 5 years of supervised release after a jury found Tichenor guilty of one count of robbery affecting commerce, in violation of 18 U.S.C. § 1951(a); one count of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Doc. 99 at 1–3.) At the time of sentencing, Tichenor had a total criminal history score of 10, placing him in a criminal history category of V. (Doc. 101 ¶ 46.) Tichenor's total offense level was 28, which included a four-level upward adjustment for use of a firearm in connection with the robbery. (*Id.* ¶¶ 18, 22.) This resulted in a guideline range of 130 to 162 months for Count I. (Doc. 100 at 1.) Count III carried a statutory maximum sentence of 120 months. Count II carried a statutory minimum sentence of 84 months, consecutive to any other term of imprisonment imposed. The Court imposed a sentence within the guideline range. (*Id.* at 2.)

Tichenor's criminal history includes 20 convictions, eight of which are felonies. (Doc. 101 ¶¶ 26–45.) His criminal history includes a number of violent

7

offense.  In 1982 Tichenor robbed a liquor store by means of force.  (*Id.* ¶ 27.)  In 1983, while on parole for the robbery offense, Tichenor committed grand theft during which he physically assaulted and threatened to kill the victim.  (*Id.* ¶ 28.)  In 1996, Tichenor committed the offense of criminal endangerment when he threatened an individual with a sheet rock knife then fractured the individual's jaw and eye socket.  (*Id.* ¶ 39.)  Tichenor's criminal history also involves significant drug use and distribution, including a 2012 conviction for distribution of methamphetamine.  (*Id.* ¶ 45.)

Tichenor's BOP disciplinary record includes numerous write-ups for refusing to report for work details on multiple occasions, possessing or using drugs and/or alcohol on multiple occasions, fighting with another inmate, and possessing homemade and dangerous weapons on two occasions.  (Doc. 143-1.)  The most recent of these incidents appears to have occurred in June 2021.  (*Id.* at 1.)  Tichenor also has a record of violating the terms of his supervised release.  (Doc. 101 ¶¶ 26, 28, 39, 41.)

Given the seriousness of the offense conduct, Tichenor's history and characteristics, and the need to deter future criminal conduct, the Court finds that the federal sentencing objectives set forth in 18 U.S.C. § 3553(a) do not support Tichenor's early release from custody.  The Court also finds that Tichenor continues to present a danger to the community.

**CONCLUSION**

Accordingly, IT IS ORDERED that the defendant's motion for compassionate release (Docs. 133, 139) is DENIED.

DATED this 28th day of December, 2023.

_____
Dana L. Christensen, District Judge
United States District Court